UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA GAGNON-SMITH,

    Plaintiff,

V.

CITY OF MIDDLETOWN,

    Defendant.

CASE NO. 3:02CV02138(RNC)

## RULING AND ORDER

Donna Gagnon-Smith brings this § 1983 action against the City of Middletown alleging that it deprived her of her First Amendment right to freedom of speech. Defendant now moves for summary judgment against that claim. For the reasons stated below, the motion is granted in part and denied in part.

I. Facts

The pleadings and evidence on file with the court show the following. On July 1, 2002, plaintiff attempted to speak during the period for public comment at a meeting of defendant's Common Council ("the Council"). Plaintiff, whose daughter had been injured while riding a school bus, criticized the Middletown Board of Education ("the Board") for failing to maintain bus safety, responding inadequately to her complaints, and paying $140,000 to a law firm, and asserted that she had filed a lawsuit against the Board. The mayor and two members of the Council repeatedly raised points of order against her remarks, asserting that they were out of order because the matters discussed were under the jurisdiction of the Board rather than the Council, and

that the Council should not address pending litigation against the Board. After an eight-minute-long exchange with the Council, plaintiff said "Then I guess I'm done" and left the podium.

II. Discussion

Summary judgment may be granted only when the evidence, viewed fully and most favorably to the nonmovant, raises no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the evidence in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if, as in this case, no opposing evidence is presented. Adickes v. S. H. Kress & Co., 398 U.S. 144, 159-60 (1969).

A. Violation of First Amendment Rights

A public comment period at a meeting of an elected body is a limited public forum. Prestopnik v. Whelan, 83 Fed. Appx. 363, 365 (2d Cir. 2003). Thus, the First Amendment permits the Council to exclude a topic from discussion, as long as the restriction is reasonable and viewpoint-neutral. Id.

Defendant asserts that the Council had two viewpoint-neutral reasons for restricting plaintiff's speech.[1] First, her speech addressed pending litigation against the Board; defendant argues that it was proper for the Council to refrain from public comment that might jeopardize the Board's legal position. This argument

---

[1] Defendant also argues that plaintiff's speech did not address a matter of public concern. However, at least two of the issues plaintiff raised, school bus safety and public spending on legal fees, were certainly matters of public concern.

is unavailing, because defendant has not explained why <u>hearing</u> plaintiff's comments would force the Council itself to comment on the litigation.

Second, defendant asserts that plaintiff's speech addressed matters outside the Council's jurisdiction; the mayor had explicitly limited the comment period to "items which are ... under the jurisdiction of the Common Council." (Def.'s Mem. Ex. A.) The Council may limit discussion during the comment period to subjects within its jurisdiction. <u>Madison Joint School Dist. v. Wisconsin Employment Relations Comm'n</u>, 429 U.S. 167, 176 n. 8 (1976)(public bodies may confine their meetings to specified subject matter). However, to prevail on this defense at summary judgment, defendant must show that there is no issue of fact as to whether the topics of plaintiff's speech were outside the Council's jurisdiction, and thus that the Council was motivated by jurisdictional concerns, rather than animus against plaintiff's viewpoint.

Defendant has not made such a showing. The only relevant evidence defendant has presented is a videotape of the incident. (Ex. A.) The videotape by itself does not establish whether all of plaintiff's remarks addressed topics outside the Council's jurisdiction, or whether the Council had good reason to think so.[2] The statutes cited by defendant show that the Board is a separate legal entity with responsibility for the transportation

---

[2] Plaintiff told the Council that her concerns involved the police, the mayor's office, and the director of transportation.

3

of pupils, but do not establish what relevant authority or responsibility the Council has regarding the Board.[3]

Thus, disputed issues of material fact remain, and summary judgment is not appropriate.

B.  Punitive Damages

Defendant correctly observes that a municipality is immune from liability for punitive damages in a § 1983 action. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981). Thus, judgment is appropriate against plaintiff's claim for punitive damages.[4]

III.  Conclusion

Accordingly, defendant's motion for summary judgment [Doc. # 16] is granted against plaintiff's claim for punitive damages, and otherwise denied.

So ordered.

Dated at Hartford, Connecticut this 24th day of March 2004.

Robert N. Chatigny
United States District Judge

---

[3] The Council does not entirely lack authority or influence over the Board. For example, the Council has some spending authority over the Board. Conn. Gen. Stat. § 10-222; Middletown, Conn., Charter ch. VI, § 1.

[4] Defendant also argues that it is not liable for the actions of the Council. A municipal government is liable under § 1983 for the actions of those officials who have final policymaking authority "in a particular area, or on a particular issue." McMillian v. Monroe County, 520 U.S. 781, 785 (1997). The Council undoubtedly has final policymaking authority over the use of its public comment period, and thus defendant is liable for its actions in restricting the use of that period.