UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA GAGNON-SMITH | : | |
| | : | NO. 3:02CV2138(RNC) |
| VS. | : | |
| | : | |
| CITY OF MIDDLETOWN | : | MAY 28, 2004 |

## JOINT TRIAL MEMORANDUM

**(1)   TRIAL COUNSEL**

*For the Plaintiff:*

John R. Williams
Norman A. Pattis
Timothy Mahoney
Christy Doyle
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

*For the Defendant:*

James J. Szerejko
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
860.522.6103
Fax: 860.548.0006
E-Mail: szerejko@halloran-sage.com

Trina Solecki
City of Middletown
245 deKoven Drive
Middletown, CT 06457
860.344.3523
Fax:   860.344.3499
E-Mail:
trina.solecki@cityofmiddletown.com

**(2)   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**(3)   JURY-NONJURY**

This is a jury case.

**(4)   NATURE OF CASE**

This is a civil rights action pursuant to 42 U.S.C. § 1983 in which the plaintiff alleges that the Middletown Common Council deprived her of her right to freedom of speech in a limited public forum.  The defendant denies the plaintiff's allegations.

**(5)   STIPULATIONS OF FACT AND LAW**

***Stipulations of Fact**:*

1.   The defendant, at the times relevant to this action, was a municipal corporation in the State of Connecticut, acting by and through its Common Council at a regularly scheduled public meeting.

2.   At all times relevant to this action, the defendant was acting under color of law.

3.   On the evening of July 1, 2002, the Middletown Common Council held a regularly scheduled public meeting.

***Stipulations of Law**:*

None.

**(6)  PLAINTIFF'S CONTENTIONS**

    1.    The agenda of the July 1, 2002, meeting of the Middletown Common Council, published in advance thereof, expressly provided that at the end of the meeting all members of the public wishing to be heard on matters not otherwise on the agenda could address the Common Council regarding same.

    2.    At the scheduled time for such public commentary, the plaintiff attempted to address the Common Council appropriately, properly and respectfully concerning a matter of great public concern, that is, needed measures to assure the safety of children riding city school buses.

    3.    The Common Council silenced the plaintiff and refused to permit her to speak, acting on the basis of the content of her speech.

    4.    In acting as it did, through its Common Council, the defendant deprived the plaintiff of her First Amendment right to freedom of speech.

    5.    As a result, the plaintiff suffered emotional distress, humiliation and embarrassment.

**(7)  DEFENDANT'S CONTENTIONS**

    1.    The defendant contends that it could place reasonable restrictions upon the public comment session, and in doing so herein, did not violate the plaintiff's First Amendment rights.

2.  Notwithstanding the defendant's efforts to limit the plaintiff's comments, the plaintiff successfully made the remarks she intended to during the course of her dialogue with the mayor and council members.

**(8) LEGAL ISSUES**

A.  The extent to which the Middletown Common Council has jurisdiction over the Middletown Board of Education with regard to the subject matter of plaintiff's complaints or claims being made against the Board of Education.

B.  Were the restrictions placed upon the plaintiff reasonable and viewpoint neutral?

**(9) VOIR DIRE QUESTIONS**

*For the Plaintiff:*

1.  This is a lawsuit for civil rights violations brought by a citizen against the City of Middletown, alleging a violation of her right to freedom of speech. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against a city government? If so, please explain.

4. Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

5. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

6. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendant or any of the lawyers involved in the case?

7. Has anyone here ever served as an appointed or elected official of state, city or local Government?

8. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

9. Has anyone here or any close to you ever been employed by an attorney?

10. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

11. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

12. Where are you employed?

***For the Defendant:***

1. Have any of you ever served as a juror previously, either in State or Federal Court? If so, where and when was it and did it involve civil or criminal cases.

2. Are you or any members of your family or friends related to any of the attorneys representing any of the parties to this action? If so, what is the relationship?

3. Have you or any members of your family or friends ever been represented by, or are you or they socially acquainted with, any of the attorneys who represent any of the parties to this action? If so, state when and where the representation of such attorney, or the extent of the acquaintance with such, occurred.

4. Do you or any members of your family or friends know the plaintiff or any members of her family?

5. Do you have any knowledge about this lawsuit or any other lawsuit involving the actions of any municipality?

6. Do you or any members of your family or friends know any of the people who are expected to be witnesses in this case or any of the organizations with which the witnesses are associated?

7. Do you have any underlying bias or prejudice where local government is concerned, and if so, what are those biases or prejudices?

8. Do you have any particular feelings concerning the defendant which would in any way affect your ability to be fair and impartial in this case?

9. Have you or any members or your family or friends ever worked for any municipality?

10. Have you or any members of your family or friends ever studied law?

11. Have you or any members of your family or friends ever made a claim or brought a lawsuit concerning the actions of any city of town or their employees? If so, what was the basis of that claim?

12. Have you ever been a party to a lawsuit or brought a claim for money damages, if so:

    (a) did you bring the suit or claim or was it brought against you;

    (b) what was the nature of the lawsuit or claim;

    (c) how was the suit or claim resolved.

13. Have you or any members of your family or friends ever worked for a lawyer?

14. Is there any one of you who, if instructed to do so by the Judge, could not or would not be able to put aside all natural feelings of sympathy during jury deliberations and decide this case strictly on the facts and the law?

15. Do any of you feel that because this case involves the actions of a local government that you would not be able to put aside all natural feelings either pro or con with respect to municipalities, and decide this case strictly on the facts and the law.

16. If there are any one of you who would find it extremely difficult, if not impossible, to follow the Judge's instructions not to discuss the case outside of the courtroom with anyone, including family members, and not to read about the case in the press, or listen to any possible broadcasts about it on the radio or television?

17.     Are there any among you who feel that merely because a person brings a lawsuit and claims money damages that such person is entitled to be awarded damages by a jury without first proving that the defendant is liable under the law?

18.     Are there any among you who feel that merely because the defendant has been sued that it must have done something wrong or must legally be at fault?

19.     Are there any among you who feel that even if the plaintiff fails to prove his case against the defendant, you could not or would not send the plaintiff home without any money because she claims she has suffered and incurred expenses?

20.     Do any one of you feel now, before hearing any of the evidence, that you are inclined to lean towards any party or be sympathetic towards the position of any party?

21.     Do any of you know anything about the circumstances surrounding this lawsuit?

22.     Have any or you, any members of your family, or friends worked for the City of Middletown, or any other municipality?  If so, in what capacity.

23.     Have you or any members of your family ever had any negative experiences, with a member of a local government?  If so, what was the nature of the negative experience?

24. Have any of you read any publications in the media regarding any of the parties to this lawsuit and if so, whether any information you obtained from those publications would affect your ability to be fair and impartial in this case?

25. Are any of you a member of the American Civil Liberties Union or any organization devoted to the protection of civil rights or civil liberties?

**(10) LIST OF WITNESSES**

*For the Plaintiff:*

1. The plaintiff will testify concerning all of her allegations, including damages, and will authenticate exhibits. (Approximately 1 hour)

*For the Defendant:*

1. **Mayor Domenique S. Thornton**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT. Mayor Thornton will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same. (Approximately ½ hour)

2. **Councilman Gerald E. Daley**, Deputy Mayor, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT. Deputy Mayor Daley will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same. (Approximately ½ hour)

3. **Councilwoman Phrances L. Szewczyk**, Majority Leader, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT. Councilwoman Szewczyk

will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      4.      **Councilman Stephen T. Gionfriddo**, Minority Leader, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Gionfriddo will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      5.      **Councilman Joseph Bibisi**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Bibisi will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      6.      **Councilman Ronald P. Klattenberg**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Klattenberg will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      7.      **Councilwoman Elizabeth K. Nocera**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilwoman Nocera will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      8.      **Councilman Francis T. Patnaude**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Patnaude will testify concerning what

transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      9.      **Councilman Earle V. Roberts**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Roberts will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      10.      **Councilman John L. Robinson**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Robinson will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      11.      **Councilman Jesse J. Salafia**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Salafia will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same. (Approximately ½ hour)

      12.      **Councilman Robert P. Santangelo**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Santangelo will testify concerning what transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

      13.      **Councilman James B. Streeto**, City of Middletown, City Hall, 245 deKoven Drive, Middletown, CT.  Councilman Streeto will testify concerning what

transpired at the subject meeting of July 1, 2002 and plaintiff's claims with regard to same.  (Approximately ½ hour)

14. **Carol Parmelee-Blancato**, Superintendent, Middletown Public Schools, 311 Hunting Hill Avenue, Middletown, CT.  Superintendent Parmelee-Blancato will testify concerning the claims made by the plaintiff in her appearances at the Board of Education meetings with regard to issues raised in her presentation on July 1, 2002. (Approximately ½ hour)

15. **Richard Cormier**, Associate Superintendent, Middletown Public Schools, 311 Hunting Hill Avenue, Middletown, CT.  Associate Superintendent Cormier will testify concerning the claims made by the plaintiff in her appearances at the Board of Education meetings with regard to issues raised in her presentation on July 1, 2002. (Approximately ½ hour)

The defendant reserves its right to call the plaintiff.

**(11) EXHIBITS**

*For the Plaintiff:*

1. Memo from Pillarella to Cormier dated June 28, 2002, concerning legal fees

**OBJECTION:**     Hearsay, relevance.

2. Agenda for Regular Common Council Meeting of July 1, 2002

3. Videotape of July 1, 2002, Common Council Meeting

*For the Defendant:*

1. City of Middletown Charter

2. Contract between Dattco Bus, Inc. and Board of Education of City of Middletown

3. Plaintiff's compliance with defendant's Interrogatories and Production Requests

4. City of Middletown Code of Ordinances

The defendant reserves its right to submit into evidence any of the evidence identified by the plaintiff.

**(12) DEPOSITION TESTIMONY**

*For the Plaintiff:*

None.

*For the Defendant:*

Portions of deposition transcript of the plaintiff.

**(13) REQUESTS FOR JURY INSTRUCTIONS**

Attached.

**(14) ANTICIPATED EVIDENTIARY PROBLEMS**

None.

**(15) PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**(16)   TRIAL TIME**

One to two days.

**(17)   FURTHER PROCEEDINGS**

None.

**(18)   ELECTION FOR TRIAL BY MAGISTRATE**

Parties do not elect.

**(19)   CERTIFICATION OF COUNSEL**

As required by the Order of this Court , counsel certify that this memorandum is the product of consultation between the lawyers who will be trying the case.

**(20)   PROPOSED VERDICT FORM**

Attached.

         THE PLAINTIFF

BY:_____
    JOHN R. WILLIAMS (ct00215)
    51 Elm Street
    New Haven, CT 06510
    203/562-9931
    FAX: 203/776-9494
    E-Mail: jrw@johnrwilliams.com
    Her Attorney

         THE DEFENDANT

BY:_____
    James J. Szerejko
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    860.522.6103
    Fax: 860.548.0006
    E-Mail: szerejko@halloran-sage.com
    Its Attorney

551909.1(HS-FP)