UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA GAGNON-SMITH | : | |
| | : | NO. 3:02CV2138(RNC) |
| VS. | : | |
| | : | |
| CITY OF MIDDLETOWN | : | MAY 28, 2004 |

## PARTIES' REQUESTS TO CHARGE

*For the Plaintiff:*

1.  The plaintiff has brought this lawsuit to obtain redress for what she contends was a violation of her rights under the United States Constitution, specifically her right to freedom of speech. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of her constitutional rights. "Acting under color of law" means " under pretense of law," and simply means acting in one's capacity as, in this case, a municipal government. In this case, the parties have stipulated that the defendant was acting under color of law, so you need not concern yourselves with that issue.[1/]

2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of

---

1/   Monroe v. Paps, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Connor v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).

the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.[2/]

3.   The plaintiff contends that the defendant prevented her from exercising her right to freedom of speech during the public comment portion of a regularly scheduled meeting of the Middletown Common Council.  I instruct you that the actions of the Common Council in this regard are the actions of the defendant City of Middletown.  I further instruct you that the plaintiff's proposed speech before the Common Council was speech protected by the First Amendment to the United States Constitution.[3/]

**OBJECTION:    The defendant maintains that the Court's ruling does not necessarily reach this conclusion.**

4.   If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages in a case of this kind, the plaintiff is entitled, if liability is found, to an award of compensatory

---

2/   Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990)(Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993)(Cabranes, J.).

3/   Ruling and Order filed March 24, 2004.

damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages, you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Among the elements of injury and harm for which compensation may be awarded are:  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or any, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

     Whenever you find that a constitutional right of the plaintiff has been violated by the defendant, the plaintiff is entitled to at least nominal damages for that loss.  Nominal damages, however, are ordinarily fixed in the amount of $10.00.  To support an award of damages in an amount greater than that, you must find that actual loss was proximately caused by the constitutional violation.  Actual loss, however, is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The

damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional.[4]

*For the Defendant:*

1. **Introduction.** The plaintiff has alleged that the defendant violated her constitutional rights, specifically, her right to freedom of speech under the First Amendment to the United States Constitution. Federal civil rights laws provide a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, customer usage of any state ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under Section 1983, the plaintiff must establish by a preponderance of the evidence, each of the following four elements. First, that the defendant acted under color of the authority of the State of Connecticut. The parties have stipulated that the defendant City of Middletown was acting under color of law

---

[4] Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Reetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 8, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Alt. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v.Cicero, 12 Conn. App. 607, 611, 533 A.2d 734 (987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d (1992).

and, therefore, you need not concern yourself with this element. Second, that the defendant deprived the plaintiff of her rights, privileges or immunities secured by the Constitution or laws of the United States. In this regard, the plaintiff claims that the defendant violated her First Amendment right to freedom of speech. I will discuss this element further in a moment. Third, that the acts of the defendant were the proximate cause of the injuries and consequent damages allegedly sustained by the plaintiff. Fourth, that the actions of the defendant which caused the alleged loss were intentional and purposeful. Unless you find that the plaintiff has proven each of these elements by preponderance of the evidence, you must return a verdict for the defendant.[5]

    2.    **Causation.** The plaintiff must also prove by a preponderance of the evidence that the defendant's acts were the proximate or legal cause of the damages allegedly sustained by the plaintiff. The plaintiff has alleged that her constitutional rights were violated by the defendant. You must first decide what the defendant did or failed to do in relation to plaintiff's claims. Whatever it did, the defendant has not caused a violation of plaintiff's rights unless its acts or omissions were a proximate cause of a violation of plaintiff's constitutional rights.

---

[5] Dodd. v. Norwich, 827 F.2d 1, 8 (2d Cir. 1987); Baker v. McCollan, 443 U.S. 137, 139-40, 99 S.Ct. 2689, 2692 (1979); Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986); Brower v. Inyo County, 489 U.S. 593, 596, 109 S.Ct. 1378, 1381 (1989).

Conduct, whether it be in the form of acts or omissions, would be a proximate cause of a particular violation of plaintiff's rights, if the conduct was a substantial factor in bringing about that violation.

A violation, if you find such, would have been proximately caused by, or is a direct consequence of, a particular act or omission, if the act or omission in its natural and continuous sequence, unbroken by a new, independent cause, produced or brought about the violation. If an act or omission is of no consequence, or is so trivial as to be a mere incident in relation to any violation, then the act or omission would not have been a substantial factor productive of the violation and not a proximate cause.

It is for you to decide what the defendant did or did not do and, depending on what you find in that respect, you must then decide whether the defendant's conduct was a substantial factor in bringing about any violation of plaintiff's rights you find occurred.[6/]

3. **Free Speech in a Public Forum.** In a public forum, the government may impose time, place or manner restrictions on speech provided "the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Housing Works, Inc. v. Kerik, 283 F.3d 471, 478 (2d Cir. 2002). These restrictions on speech in a limited

---

[6/] Sherman v. Hartford, Civil No. H-89-183(PCD).

public forum, such as the meeting of a public body, will withstand First Amendment challenge, if they are reasonable and viewpoint neutral.  <u>The Good News Club v. Milford Central High</u>, 202 F.3d, 502, 509 (2d Cir. 2000).

    4.    **Reasonable Restrictions on Public Speech.**  In dealing with agenda items, the City Council does not violate the First Amendment when it restricts public speakers to the subject at hand.  While the speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he or she is expressing, he or she may certainly stop the speaker if the speech becomes irrelevant or repetitious.  <u>Kindt v. Santa Monica Rent Control Board</u>, 67 F.3d 266, 270 <u>quoting</u> <u>White v. City of Norwalk</u>, 900 F.2d 1421, 1425 (9th Cir. 1990).

    5.    **Matters in Litigation Should Not Be Discussed at Public Sessions**.  Public bodies have long conducted discussions relating to pending claims or litigation in the context of executive session, rather than public commentary.  <u>See</u> Conn. Gen. Stat. § 1-200(B).

**OBJECTION:**    **I contend that the statute cited does not support that proposition and, moreover, that the state cannot by statute amend the United States Constitution.**

    6.    **Damages**.  Now, it is my duty to charge you with the question of damages, but because I do so, it does not follow that you are to find the issues in favor of the plaintiff.  I merely give you these instructions on the law of damages so that in the

event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.  And I want to repeat here that with regard to the matter of injuries and the matter of damages, the same rule relative to the burden of proof resting on the plaintiff still applies.  In other words, the burden is on the plaintiff to prove these elements by a fair preponderance of the evidence just as it was in connection with her claimed allegations on the issue of liability.  The fundamental rule and principle as to damages is that the amount awarded should be fair, just and reasonable compensation for the losses which the plaintiff suffered as a direct and proximate result or consequence of the defendant's actions.  The purpose of damages is to place the injured plaintiff in as good a condition as she would have been if the incident had not occurred.[7]

    If you return a verdict for the plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the defendant.  You are not permitted to award damages based on the abstract value or importance of constitutional rights.  A plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and the proof.  That is, your findings as to damages must be within the allegations of the plaintiff's complaint.

---

[7] Ross v. American Oil Co., 129 Conn. 585, 590; Jury Charges by Cabranes, J., Albert v. DePinto, Civil No. H-82-51 1 (JAC); Varley v. Motgul, 139 Conn. 129 (1952); Morrison v. Hansen, 128 Conn. 62, 66 (1941).

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.[8]

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the defendant in violation of 42 U.S.C. § 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights, and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of her rights in violation of § 1983, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that she claims to have suffered.[9]

Should you reach the issue of damages, I instruct that you may not award, as a component of the plaintiff's damages, any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff with respect to this litigation. This issue is dealt with in a separate proceeding and is not one for you to decide.[10]

---

[8] *Sand, et al.*, Modern Federal Jury Instructions, § 87-23; Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042 (1978).

[9] *Sand, et al*, Modern Federal Jury Instructions, § 87-23; Mt. Healthy v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

[10] See Jury Charge by Cabranes, J., Albert v. DePinto, Civil No. H-82-511 (JAC).

In addition, if you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of $10.00.[11]

**OBJECTION:** **Any such charge is contrary to law. Attorney fees are not to be mentioned in the jury charge. See HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994); Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000); Brooks v. Cook, 938 F.2d 1048 (9th Cir. 1991).**

7.    **Miscellaneous**.  In weighing the evidence, you are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture.

While you may make deductions and draw conclusions from proven acts, you may not draw inferences from their inferences.  Likewise, you should be careful to avoid resorting to speculation, conjecture, or guesswork to determine critical facts in this

---

11/   Jury Charges by Cabranes, J., Albert v. DePinto, Civil No. H-82-51 1 (JAC); Varley v. Motgul, 139 Conn. 129 (1952); Morrison v. Hansen, 128 Conn. 62, 66 (1941); *Sand, et al.*, Modern Federal Jury Instructions, § 87-23; Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042 (1978); Mt. Healthy v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977); Albert v. DePinto, Civil No. H-82-511 (JAC).

case.[12/] The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their summations is intended to help you understand the evidence to reach your verdict. However, if you recollection of the facts differ from the lawyers' statements, it is your recollection which controls.

---

[12/]   Meade v. Warehouse Transport, Inc., 165 Conn. 533 (1973); Toomey v. Danaher, 161 Conn. 204 (1971).

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court. Materials brought forth only to refresh a witness' recollection are not evidence. The mere filing of a lawsuit in which claims and allegations are made against the defendant is proof of nothing. You may not draw inferences from the fact that the plaintiff filed this lawsuit.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

THE PLAINTIFF

BY:_____
    JOHN R. WILLIAMS (ct00215)
    51 Elm Street
    New Haven, CT 06510
    203/562-9931
    FAX: 203/776-9494
    E-Mail: jrw@johnrwilliams.com
    Her Attorney


THE DEFENDANT

BY_____
    James J. Szerejko
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    860.522.6103
    Fax: 860.548.0006
    E-Mail: szerejko@halloran-sage.com
    Its Attorney

551914.1(HS-FP)